*Margie BARTON, Kee Ben Begay and Gerdie Manygoats*
Appellants
*vs.*
*DILKON RECALL COMMITTEE*
Appellee

In the Supreme Court of the Navajo Nation

No. SC-CV-30-01

December 21, 2001

William R. Keeler, Esq., Gallup, New Mexico, for Appellants.

Patterson V. Joe, Esq., Flagstaff, Arizona, for Appellee.

Ron Haven, Esq., for Navajo Election Administration.

Before YAZZIE, Chief Justice, and KING-BEN and FERGUSON, Associate Justices.

Opinion delivered by Ferguson, Associate Justice.

This case was appealed from the Office of Hearings and Appeals (OHA). Appellants are members of the Dilkon Community School Board and are subject to recall pursuant to the Navajo Election Code, 11 NNC § 241, *et seq.*[1] An elected official may be removed by a recall petition if sixty percent (60%) of the registered voters, who voted in the last election for the office subject to recall sign the petition. Recall provisions are a means through which the public voice their dissatisfaction with their elected officials who are subjected to removal from their elected offices.

The procedures in 1 NNC § 241, *et seq.*, require strict adherence to a process free from fraud, misrepresentation, and other improprieties. Assurances are built into the procedures to protect the integrity of the process. For example, 1 NNC § 241 (G) requires attached notarized affidavits from each member of the recall committee that he or she personally circulated the petition copy; that all signatures were affixed in the circulator's presence; and to the best of the circulator's knowledge, that each signature is a genuine signature of the registered voter; and that each voter read or had read to him or her, or translated for him or her the full statement of grounds for recall. Only recall committee members are allowed to circulate petitions and only registered voters of the chapter qualify as recall committee members, 11 NNC § 241 (B). Noncompliance with these and other requirements may serve as grounds for challenges, 11 NNC § 243. It is pursuant to these provisions that the Appellants challenged the recall petitions certified by the Navajo Election Administration (NEA).

The Appellants are elected officials subject to recall. Five members of the Dilkon Chapter formed a recall committee pursuant to 11 NNC § 241 (B) to begin the recall process against the Appellants. Each committee member, after having complied with the required provisions, collected the required number of signatures, the minimum being 145. The collected signatures for each appellant totaled 155 more than what was needed.

The NEA certified each petition as adequate on May 21, 2000. The Appellants then filed separate challenges in a timely manner. Pursuant to 11 NNC §243 (C), the OHA decided on June 13, 2001 to allow the challenges to go forward. Upon making this determination OHA is required to schedule a hearing for each challenger no less than three days nor more than ten days from the date of the determination. The OHA scheduled a hearing for June 29, 2001, six days beyond the allowed time. In addition, the OHA did not complete the hearing on June 29, 2001, but recessed and reconvened on July 6, 2001.

[1] As amended by Navajo Nation Resolution CJA-05-01

The challenges were consolidated since each affidavit submitted by the Appellants had identical allegations and the facts and law relied upon were identical. The OHA issued its decision on July 30, 2001, dismissing all the challenges, as the Appellants failed to prove the allegations by clear and convincing evidence.

The Appellants alleged that the recall committee: coerced the voters to obtain signatures; failed to explain the grounds of the recall petition; provided false information; circulated petitions without headings; and utilized individuals who were not members of the recall committee.

In addition, the Appellants argued that each circulated petition carried a photocopied signature of a particular signatory on each page. Eager to sign the petition, a voter signed it before the form was approved by the NEA pursuant to Rule 5 (C) of the Navajo Election Recall Rules and Regulations. The form with the signature was submitted to NEA and approved, and was then photocopied and circulated.[2] The Appellants also argued that Lorraine Riggs, a member of the recall committee, should not have been included as a member of the recall committee as no Lorraine Riggs appeared on the voters' registration list for the Dilkon Chapter. The names Lorraine Riggs and Lorraine Jensen both bear an identical census number. Lorraine Jensen's name appeared on the voter's registration list for the Dilkon Chapter. The Appellants argued that these improprieties were improper and fraudulent and the petitions should be invalidated.[3]

To support their allegations, the Appellants offered four witnesses who not only appeared at the hearing but also testified. The Appellants also offered affidavits of ten other signatories, who did not appear and were not cross-examined under oath and, therefore, not considered.

Of the four witnesses, one gave conflicting testimony that the petition was read to him and at the same time testified that it was not read to him. Three of the Appellants testified that they assisted their witnesses in the preparation of affidavits for purposes of challenging the recall petitions. None of the three Appellants witnessed actual violations of the recall provisions of the election code.

The Appellants offered rebuttal witnesses. Madeline Begay testified that she signed the recall petition and now wished to remove her name because she did not understand the petition. Pansy Frank testified she understood the petition and signed it, but wished to withdraw her signature.

Based upon testimony of each of the witnesses who appeared for both the

2  Rule 5 (C) requires that only those forms approved by NEA be used in the circulation drive. Circulators explained that they believed it crucial that the one approved, to which a signature was affixed, be the one circulated.

3  The record shows that the OHA was satisfied that both Lorraine Jensen and Lorraine Riggs were one and the same person bearing the same census number and they concluded that there was no attempt to mislead or commit fraud.

Appellants and the committee, the OHA concluded that the Appellants failed to prove by clear and convincing evidence that any member of the recall committee coerced registered voters to sign the petition; provided false information; circulated petitions without the heading; used individuals who were not on the recall committee to circulate petitions; or failed to read or properly explain or interpret the grounds of the petitions. The record shows that the OHA was satisfied with the explanation for the discrepancies raised by the Appellants regarding a photocopied name appearing on the petitions. The NEA stated that the name was deleted and not counted. The OHA also found that Mrs. Riggs was properly allowed to participate as a recall committee member and a circulator.

The election administration determined that Mrs. Riggs was the same person whose name appeared on the voter registration list as Lorraine Jensen with an identical tribal census number.[4]

On October 25, 2001, the NEA filed a motion to dismiss this appeal, alleging lack of statutory jurisdiction. The NEA argued that 11 NNC § 243 of the recall provisions grants jurisdiction to this Court but if no hearing is held within the provided time, this Court loses jurisdiction. Sections of the recall provisions set out stringent timelines including when this Court can hear the matter. However, statutory timelines may be waived, which is the case here.[5]

Records submitted to the Court reflect that NEA was unable to submit transcripts to the Appellants so they could meet the time requirements. Appellants, as a consequence, requested of this Court, an extension for submission of the transcripts. They specifically requested a forty-five days extension. The Court granted the request on September 26, 2001, extending the deadline to November 24, 2001. The extension was fair and reasonable given the circumstances. In addition, neither NEA nor the committee objected or insisted upon a shorter extension.

This court concludes that all parties involved, including the NEA, waived their rights to adhere to strict timelines set out in the recall process.

Navajo Rules of Civil Appellate Procedure (NRCAP) apply in this matter. Once this Court is authorized by statute to review administrative matters, NRCAP is applicable so long as these rules comply with the intent of the recall provisions of the election code. For example, once it is determined by a party to appeal to this court, he or she is held to not only the recall provisions requirements, but also to

4 Pursuant to the testimony, while Mrs. Riggs was allowed to serve as a Recall Committee member because she was identified by Election Administration as the same person as Lorraine Jensen to the satisfaction of Navajo Election Administration, she was not allowed to sign the petition. Navajo Election Administration needs to be consistent with how it treats these discrepancies. Once she is allowed to circulate petition as a Recall Committee member, she should be allowed to sign the petition if members are allowed to sign the recall petitions, or vice versa.

5 28 Am. Jur. *Estoppel and Waiver*, 2d, Sections 2 14 and 2 15 (2000).

applicable sections of the NRCAP, such as Rule 7[6] as well as other sections of the NRCAP, i.e. Rule 5(b) or Rule 9.[7]

Here, the recall provisions require this court to hear appeals within thirty days. We interpret that to mean a decision must be made within the thirty days when all else is complied with in a timely manner. Here, this Court was convinced that more time was needed by the Appellants to submit the transcripts due to circumstances not in their control. Rule 5(b) of NRCAP is applicable here and this court in its application is required to use reasonable discretion. *In Re: Estate of Wauneka*, 6 Nav.R.63, 64 (Nav. Sup. Ct. 1988). While we have discretion to extend timelines in the submission of transcripts, Rule 7, NRCAP, requires this court to give priority to election cases. Given the circumstances of the case, we believe we have met that requirement.

We have a duty to point out the importance of complying with statutory timelines. In this case, regardless of the stringent timelines, the OHA scheduled a hearing six days beyond the required maximum time of ten days. The hearing should have occurred on or before June 23, 2001. Instead, it was held on June 29, 2001, and not completed for another seven days. OHA recessed and reconvened on July 6, 2001. The hearing was completed fifteen days beyond the time it should have been heard and completed. The recall provisions require that the hearings must be held and completed no later than ten days from the date of the determination. It is mandatory that the OHA comply with the strict timelines.

We deny the NEA's motion to dismiss. We affirm the OHA's decision to dismiss the Appellants' challenges and we agree that the Appellants failed to prove their allegations by clear and convincing evidence. We conclude the signatures and petitions were valid, the recall petitions were properly certified, and the OHA's decision is supported by sufficient evidence.

This order is issued on the record without hearing.

---

6 Rule 7 of the Navajo Rules of Civil Appellate Procedure addresses how appeals are taken.

7 Rule 5(b) specifically addresses this court's ability to shorten or extend timeline requirements. Rule 9 addresses composition of record on appeal, transmission of record including transcripts of the proceeding.